UNITED STATES of America,
Plaintiff–Appellee,

v.

Maurice Lawrence WILLIAMS,
Defendant–Appellant.

No. 09–14730
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 8, 2010.

Maurice Williams, Atwater, CA, for Appellant.

R. Brian Tanner, James C. Stuchell, U.S. Attorney's Office, Savannah, GA, for Appellee.

Before BIRCH, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Maurice Lawrence Williams, proceeding *pro se,* appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. Williams' motion was based on Amendment 709 to the Sentencing Guidelines, which is not a retroactively applicable guideline amendment listed in U.S.S.G. § 1B1.10(c) and therefore cannot serve as the basis for § 3582(c)(2) relief. Accordingly, we AFFIRM.

## I. BACKGROUND

Maurice Lawrence Williams pled guilty to distribution of cocaine base, a violation of 21 U.S.C. § 841(a)(1), and using and carrying a firearm during a drug trafficking crime, a violation of 18 U.S.C. § 924(c). R1–34. The presentence investigation report determined that Williams's total offense level was 17 and his criminal history category was IV. The district court imposed a total sentence of 100 months: 40 months of imprisonment for the cocaine offense, followed by 60 months of imprisonment for the firearm offense. R1–35.

Subsequently, Williams filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), contending that he was entitled to a sentence reduction in light of recent amendments to the Sentencing Guidelines. R1–54. Specifically, his motion was based on Amendments 706 and 709. *Id.* The court determined that Williams' amended offense level was 15 and that his criminal history category remained IV. R1–55. The court granted his motion and reduced his total sentence to 97 months: 37 months of imprisonment for the cocaine offense, followed by 60 months of imprisonment for the firearm offense. *Id.* Williams appealed the district court's "denial of full relief." R1–56.

On appeal, we vacated Williams's sentence because the district court did not demonstrate that it had considered the 18 U.S.C. § 3553 sentencing factors. R1–62. On remand, the district court imposed the same sentence and clarified that it did so after considering the relevant factors. R1–61.

Williams then filed the present § 3582(c)(2) motion, arguing that, in resolving his earlier motion, the court erroneously failed to consider the effect of Amendment 709. R1–63 at 2. He contended that Amendment 709, which concerns counting offenses to determine a defendant's criminal history score, is a clarifying amendment that must be applied retroactively. *Id.* at 2–3. The district court denied Williams's motion, concluding that Amendment 709 is not retroactive. R1–66.

## II. DISCUSSION

On appeal, Williams argues, *pro se,* that the district court abused its authority by denying his 18 U.S.C. § 3582(c)(2) motion. He contends that the court erroneously assigned him a criminal history category of IV, and that his true criminal history category was II. Accordingly, his guideline range was calculated incorrectly, and his sentence is unjust.

Williams' *pro se* argument may be liberally construed as a contention that the district court erred in concluding that Amendment 709 did not entitle him to a § 3582(c)(2) reduction. *See Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir.1998) (per curiam) (holding that *pro se* pleadings will be liberally construed). We "review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James,* 548 F.3d 983, 984 (11th Cir.2008) (per curiam). Pursuant to 18 U.S.C. § 3582(c)(2), a district court may modify a defendant's sentence that was based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statement states that a sentence reduction is not authorized under § 3582(c)(2) unless an amendment listed in U.S.S.G. § 1B1.10(c) is applicable to the defendant. U.S.S.G. § 1B1.10(a)(2)(A), p. s. (Nov.2009). Amendment 709 is not listed in U.S.S.G. § 1B1.10(c). *See* U.S.S.G. § 1B1.10(c), p.s.

Where an amendment is not listed in § 1B1.10(c), it cannot serve as the basis for a § 3582(c)(2) reduction. *United States v. Armstrong,* 347 F.3d 905, 909 (11th Cir.2003) (holding that, although the amendment at issue was a "clarifying amendment" and therefore applied retroactively in the context of direct appeals and habeas petitions, it could not serve as the basis for a § 3582(c)(2) reduction because it was not listed in § 1B1.10(c)).

## III. CONCLUSION

Here, the district court correctly concluded that Williams was not eligible for a

§ 3582(c)(2) sentence reduction based on Amendment 709, because Amendment 709 is not a retroactively applicable guideline amendment listed in § 1B1.10(c). Accordingly, we **AFFIRM.**